12-4718
Zhao v. Holder

BIA
Weisel, I.J.
A087 638 597

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## CORRECTED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand fourteen.

PRESENT:
>           DENNIS JACOBS,
>           PIERRE N. LEVAL,
>           ROBERT D. SACK,
>                *Circuit Judges.*

_____

SHU XIU ZHAO,
>      *Petitioner,*

>      v.                                    12-4718
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:          Thomas D. Barra, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; James A. Hunolt, Senior
                         Litigation Counsel; Jesse D. Lorenz,
                         Trial Attorney, Civil Division,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shu Xiu Zhao, a native and citizen of the People's Republic of China, seeks review of an October 31, 2012 order of the BIA affirming the February 9, 2011 decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *See In re Shu Xiu Zhao*, No. A087 638 597 (B.I.A. Oct. 31, 2012), *aff'g* No. A087 638 597 (Immig. Ct. N.Y. City Feb. 9, 2011).  We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B)*; see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's finding that Zhao's testimony was not credible.  Zhao's asylum application omitted any reference to a March 2009 Falun Gong

2

parade and a later phone call from a friend of her husband's criticizing her activities, but she testified about both. Zhao's testimony omitted particulars of an April 2009 event highlighted in her asylum application. Zhao's omissions provide substantial support for the agency's adverse credibility determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). The agency was not compelled to accept Zhao's explanation that her attorney erroneously omitted the incidents when preparing her application. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Zhao argues that she referenced the March 2009 parade in her asylum application, by submitting pictures of the event, and that she in fact testified about the April 2009 incident. However, she raised neither of these claims before the BIA, and we therefore will not consider them. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-22 (2d Cir. 2007). In any event, neither argument has merit: (1) Zhao was required to highlight the March 2009 incident in her application, as she had the burden of establishing eligibility for asylum, *see Gashi v. Holder*, 702 F.3d 130, 135 (2d Cir. 2012); and (2) Zhao testified about the April 2009 incident briefly, if at all, and did not mention that

3

onlookers at the April 2009 parade called Falun Gong supporters "traitors" and a "cult." Even if the agency erred in either respect, those omissions support the adverse credibility finding, and render a remand futile. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338-40 (2d Cir. 2008).

We decline to consider Zhao's argument that the agency failed to determine whether she had a well-founded fear of persecution. The finding that she did not present a credible claim was a sufficient basis for the agency's decision. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Because Zhao's withholding of removal and CAT claims depend on the same factual predicate as the asylum claim, the agency's adverse credibility determination is also dispositive of those forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

4

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk